**Nasiba Zokirjon Qizi MADAMINOVA, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] United States Attorney General, Respondent.**

No. 08–4058–ag.

United States Court of Appeals, Second Circuit.

Sept. 25, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Jay Ho Lee, New York, N.Y., for Petitioner.

Imran R. Zaidi, Trial Attorney (Anh–Thu Mai–Windle, Senior Litigation Counsel, on the brief), Office of Immigration Litigation, for Michael F. Hertz, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: RALPH K. WINTER, GUIDO CALABRESI and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Nasiba Zokirjon Qizi Madaminova, a native and citizen of Uzbekistan, seeks review of a July 22, 2008 order of the BIA affirming the January 8, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nasiba Zokirjon Qizi Madaminova*, No. A099 560 266 (B.I.A. Jul. 22, 2008), *aff'g* No. A099 560 266 (Immig. Ct. N.Y. City Jan. 8, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

▮ In this case, the IJ's conclusory determination that the incidents Madaminova described "didn't rise to the reasons for asylum" is insufficient to permit meaningful review. *See Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir.2006). The IJ failed to identify the legal standard on which he relied in assessing whether the treatment Madaminova experienced constituted persecution. *See id.* Indeed, he failed to cite a single case in his decision.

▮ Additionally, it is unclear whether the IJ considered the cumulative effect of Madaminova's experiences as opposed to assessing them in isolation. *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir.2005). The IJ stated that he was reviewing "whether or not these particular incidents in and of themselves would rise to the level for asylum as being past persecution," concluding that "they d[id] not." However, we have explained that an IJ errs where he "consider[s] each of the incidents separately without determining how they affected the significance of the other incidents." *Manzur*, 494 F.3d at 290. Our concerns with the IJ's decision are exacerbated because it appears he disregarded much of Madaminova's claim. In his decision, the IJ stated that "[t]he fact that she was picked on in school because of her looks, was one issue that she had; the fact that she was even attempted physical assault, even while she was in medical school, she had a professor who tried to take advantage of her sexually, but she stood her ground. On all of these occasions, nothing has ever happened to her since she has fought them off in all these matters, and has caused some injuries to her over a period of time." Beyond the fact that this statement is difficult to parse, the IJ failed to acknowledge several additional incidents to which Madaminova testified, incidents that required her to seek medical treatment multiple times.

Thus, because the IJ failed to explain the standard he applied in evaluating whether Madaminova demonstrated past persecution, because he did not indicate that he evaluated the incidents she described cumulatively, and because he appears to have ignored some of those incidents, we find that his past persecution determination was erroneous. *See Beskovic*, 467 F.3d at 227.

Because a petitioner who has been found to have demonstrated past persecution is presumed to have a well-founded fear of persecution, 8 C.F.R. § 1208.13(b)(1), the Court cannot predict with confidence that the agency would reach the same conclusion absent its error. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED, and the case REMANDED for further proceedings consistent with this Order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).